UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNE BLOCK,

    Plaintiff,

    v.

WASHINGTON STATE BAR
ASSOCIATION, et al.,

    Defendants.

Case No. C18-907 RSM

ORDER DENYING MOTION TO
DISQUALIFY AND ORDER OF
DISMISSAL

This matter comes before the Court on Plaintiff Anne Block's Motion to Disqualify (Dkt. #17).

The Court has reviewed Ms. Block's Motion to Disqualify. Under this Court's Local Rules, this Motion is first reviewed by the challenged Judge and then referred to another judge for review.[1] LCR 3(f). Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *See* 28 U.S.C. § 455(b)(1). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986);

---

[1] The Court notes Ms. Block does not explicitly title her Motion a "Motion to Recuse" or cite to 28 U.S.C. § 144 or § 455 except in a footnote. However, the Court finds that Ms. Block is seeking recusal, and she has subsequently referred to her Motion as being brought under § 455. *See* Dkt. #55 at 8. Accordingly, LCR 3(f) applies.

ORDER DENYING MOTION TO DISQUALIFY AND ORDER OF DISMISSAL - 1

*see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court finds that Ms. Block is relying on this Court's prior adverse rulings and her own unsupported speculation related to the assignment of this case as evidence of bias. This is insufficient to warrant recusal. *See Studley, supra; Taylor, supra*. As she herself acknowledges, the argument that judges who are members of the WSBA cannot hear this case has been addressed and disregarded in Ms. Block's prior lawsuits and will not be addressed ad nauseum in subsequent vexatious litigation. In any event, the Court need not rule on the merits of her claims at this early stage. Ms. Block has presented no reasonable basis to question impartiality. Accordingly, the undersigned judge declines to voluntarily recuse himself.

The Court has also issued an Order to Show Cause why this case should not be dismissed based on a Bar Order issued on April 13, 2016. *See* Dkt. #122 in *Block v. Washington State Bar Association et al.*, Case No. 2:15-cv-02018-RSM (W.D. Wash. 2016) ("Bar Order"). That Order stated:

> Any pro se complaint submitted for filing in this District in which Anne Block is a named Plaintiff or purports to act as party representative shall be subject to review by the Court prior to the issuance of summons or service of process. . . . The Court will review the proposed Complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Ms. Block's past litigation abuses. . . . The proposed Complaint shall be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, res judicata, and/or an applicable immunity. If the Court determines that good cause has not been shown, the action will be dismissed *sua sponte* without further notice. If the Court also determines that sanctions are appropriate, those shall be imposed at the same time the action is dismissed.

*Id.* at 25–26.

ORDER DENYING MOTION TO DISQUALIFY AND ORDER OF DISMISSAL - 2

This case was originally filed by Ms. Block in U.S. District Court for the Middle District of Pennsylvania. The Honorable Malachy E. Mannion noted it was "inexplicabl[e]" that Ms. Block filed in Pennsylvania, given that Plaintiff and Defendants reside in Washington State, and the claims arise from events occurring in Washington State. Dkt. #8 at 1–2. Judge Mannion ruled that "plaintiff's Complaint and her Amended Complaint both indicate that the crux of this case occurred in Washington State, and the addition of a single Pennsylvania defendant, along with a threadbare factual basis of liability, does not suffice to keep this action out of the venue in which it rightfully belongs." *Id.* at 8. The case was then transferred here. This Court agrees with Judge Mannion's analysis and will not revisit the issue of venue.

On June 25, 2018, the Court found that the Bar Order applies to this case even though Ms. Block originally filed in Pennsylvania, and ordered her to Show Cause why this case should not be dismissed pursuant to the terms of that Bar Order. Dkt. #16. Specifically, the Court Ordered Ms. Block to "respond with a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, res judicata, and/or an applicable immunity." *Id*. The Court limited the response to 8 pages. *Id*.

On July 9, 2018, Ms. Block filed two apparently identical documents, each titled "Response to Show Cause Order." *See* Dkts. #54 and #55. Each is 10 pages long. *Id*.

As a preliminary matter, the Court finds that Ms. Block has not followed the Court's clear instruction limiting the length of this Response. Nor has Ms. Block properly requested additional briefing by, *e.g.*, filing a motion for over-length briefing under the procedure of Local Rule 7(f). Accordingly, the Court could easily refuse to review any argument raised by Ms. Block after the eighth page of her Response brief, as is the Court's standard practice.

ORDER DENYING MOTION TO DISQUALIFY AND ORDER OF DISMISSAL - 3

Ms. Block argues that the Bar Order does not technically apply to this case because it was not "submitted for filing in this District," and because review by the Court has not occurred "prior to the issuance of summons or service of process." Dkt. #55 at 1. The Court previously found and continues to find that the Bar Order does apply. The purpose of the Bar Order was to prevent Ms. Block from engaging in vexatious litigation in this District. Judge Mannion has already ruled that this action, originally filed in Pennsylvania, should have been filed in this District. The Court will not allow Ms. Block to file actions in other Districts with essentially the same claims against the same Defendants as her prior dismissed actions as a mechanism to get around the Bar Order. That Ms. Block has already served Defendants in this case does not extinguish the Court's ability to enforce the Bar Order; it only serves as a greater motivation for the Court to swiftly review this issue to avoid unnecessary expense for these Defendants, who have been victims of Ms. Block's vexatious litigation previously.

Ms. Block does not address the questions asked by the Court in the Show Cause Order until the very end of her briefing. First, she raises an issue with the Clerk of the Court erroneously requiring her to obtain local counsel in this case, then she spends several pages reiterating her arguments for recusal. *See* Dkt. #55 at 2–8. Ms. Block argues that the Bar Order was issued without sufficient notice. When she finally gets to the questions that will determine whether this action can proceed, she begins by stating "the plaintiff denies any past litigation abuses and will continue to do so until all appeals are exhausted." *Id*. at 8. She indicates she has made stylistic changes to claims previously brought in prior actions. She states that "[t]he undersigned has reviewed the claims in paragraphs 3.10, through 3.72 and all are new claims that have not been litigated before." *Id*. at 9. Belying that assertion, she then goes on to argue that "the plaintiff contends that none of the defendants are covered by any

ORDER DENYING MOTION TO DISQUALIFY AND ORDER OF DISMISSAL - 4

immunities **as argued previously**…" *Id*. Ms. Block does not explicitly address her claims one at a time and address "whether each claim was raised in any prior action (with an appropriate citation)." Ms. Block does not even mention collateral estoppel or res judicata.

The Court finds that Ms. Block has failed to respond to the Court's Order to Show Cause within the first eight pages of her Response. Even if the Court considers her entire Response, she only argues that the Bar Order should never have been implemented in the first place, that she has never engaged in litigation abuses, and that her claims have merit. These are not responses to the Court's valid questions. The Court finds that Ms. Block is repeating prior dismissed litigation against these same Defendants. She has not demonstrated good cause for this case to continue, and thus this action will be dismissed *sua sponte*.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1. Ms. Block's Motion to Disqualify (Dkt. #17) is DENIED.

2. In accordance with LCR 3(f), this Order is referred to the Honorable Ronald B. Leighton, the senior active judge in this District, for review of this decision. The Clerk is directed to provide a copy of this Order to Judge Leighton.

3. Ms. Block has violated the Bar Order at Dkt. #122 in *Block v. Washington State Bar Association et al.*, Case No. 2:15-cv-02018-RSM (W.D. Wash. 2016). This case is accordingly DISMISSED. All pending motions are terminated as moot. This case shall remain open pending review of this decision by Judge Leighton.

//
//
//
//
//
//

ORDER DENYING MOTION TO DISQUALIFY AND ORDER OF DISMISSAL - 5

DATED this 12th day of July 2018.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISQUALIFY AND ORDER OF DISMISSAL - 6