UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE BLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE BAR ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No. C18-907RSM<br><br>ORDER DECLINING TO ISSUE INDICATIVE RULING UNDER RULE 62.1 |

　　　This matter comes before the Court on Plaintiff Anne Block's Motion to Set Aside Final Order and Amended Motion for Order Vacating Order. Dkts. #75 and #76. The Court has determined it can rule without responsive briefing from the many Defendants in this case.

　　　Ms. Block originally filed this action in Pennsylvania nearly three years ago. Dkt. #1. After transfer to this Court, the case was dismissed on July 12, 2018. Dkt. #62. In that Order, the undersigned judge declined to voluntarily recuse himself and found that dismissal was warranted based on an April 13, 2016, Bar Order. Dkt. #62. The Court never addressed the substantive arguments of Ms. Block's Complaint. Ms. Block filed a Notice of Appeal, Dkt. #64, and this case was sent to the Ninth Circuit where it has remained for over two and a half years. Recently, the Ninth Circuit scheduled oral argument for June 8, 2021. *See* Dkt. #115, Case No. 18-35690.

ORDER DECLINING TO ISSUE INDICATIVE RULING UNDER RULE 62.1 - 1

Now Ms. Block has filed the two instant, nearly identical Motions. If she has intended for one to replace the other, she has not plainly indicated so to the Court or withdrawn her first Motion.

The two Motions request relief under Rule 60(b) due to "a recent ruling by ninth circuit on February 26th of this year, in the case of *Crowe v. Oregon State Bar Association* Nos. 19-35463, 19-35470, that the bar association is not protected by eleventh amendment immunity and that an attorney cannot be compelled to join a bar association as a precondition practicing law." Dkts. #75 at 2, #76 at 2. Her briefing reads like she is trying to overturn the findings not of this case, but of all prior cases against her. She dives into technical minutia, *see* Dkt. #76 at 3 ("[l]ike the OSB, the second Michell factor tilts against immunity because the governmental functions are advisory only"), but later acknowledges the limited nature of *this* case, *see id.* at 4 ("[t]he court never addressed the issue as to whether Block could be disciplined for refusing to be a member of the Washington State Bar Association"). Later, in just a few sentences, she appears to ask the Court to question the bases for its own rulings on the application of the Bar Order and declining to recuse, *see* Dkt. #76 at 6, which are the direct subject of appeal.

As Ms. Block knows, the Court cannot *grant* a Rule 60(b) Motion in this case. Once a party files its notice of appeal of the district court's judgment, the district court loses jurisdiction over the case and cannot consider a subsequently filed motion. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002); *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004); *See* Fed. R. Civ. P. 62.1 advisory committee notes ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand.").

ORDER DECLINING TO ISSUE INDICATIVE RULING UNDER RULE 62.1 - 2

However, the Federal Rules allow a district court to indicate to the court of appeals that it would alter its ruling if the appeal were remanded for that purpose. *See* Fed. R. Civ. P. 62.1. This rule is explicitly cited by Ms. Block and indeed an indicative ruling is all that she seeks. When a party brings a Rule 62.1 motion for an indicative ruling, the Court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)-(3). A district court's decision to make an indicative ruling is discretionary. *Rabang v. Kelly*, No. C17-0088-JCC, 2018 U.S. Dist. LEXIS 61769, 2018 WL 1737944, at *2 (W.D. Wash. Apr. 11, 2018).

The Court has considered the above Motions by Ms. Block and determined that an indicative ruling is unwarranted. The recent ruling in *Crowe v. Oregon State Bar Association*, as presented by Ms. Block, has no clear bearing on this case, which dealt only with the procedural requirements of a pre-existing Bar Order and Ms. Block's inadequate response to a Show Cause Order. The Court did not touch the question of Ms. Block's discipline by the WSBA or the merits of the Bar Order. Even if it were somehow proper to use this as an opening to revisit those issues, the Court declines in its discretion to address such while this case is up on appeal. The Court will not address recusal while that issue is being appealed.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Anne Block's Motion to Set Aside Final Order and Amended Motion for Order Vacating Order, Dkts. #75 and #76, are DENIED.

DATED this 30th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DECLINING TO ISSUE INDICATIVE RULING UNDER RULE 62.1 - 3