UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE BLOCK, | Case No. C15-2018RSM |
| Plaintiff, | Case No. C18-907RSM |
| v. | ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS |
| WASHINGTON STATE BAR ASSOCIATION, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Anne Block's Motions to Vacate All Orders filed in two cases. Case No. C15-2018, Dkt. #265; Case No. C18-907, Dkt. #85 ("Motion"). These Motions are substantively identical, with identical attachments. Ms. Block has included both case numbers in the caption and moves for relief "in these cases." Accordingly, the Court will address them in a single Order. Defendants in both cases have filed responses opposing the requested relief. Ms. Block has failed to file a timely reply.

Ms. Block is a vexatious litigant. *See* Case No. C15-2018, Dkt. #232. The filing of motions in either of these cases is procedurally dubious, as one case is closed and the other remains open solely to enforce the vexatious litigant pre-filing Order. Ms. Block has filed appeals in both cases, addressing many if not all of the issues raised in these Motions. The

ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS - 1

Ninth Circuit has affirmed this Court's rulings and dismissed or declined to hear her tangential arguments for recusal or accusations of Court misconduct. *See* Case No. C15-2018, Dkt. #262 at 6–7 ("Block supports neither her argument that Judge Martinez is biased or prejudiced against her, nor her argument that he has an economic interest in the outcome of the litigation…. There is no appearance of impropriety."); Case No. C18-907, Dkt. #81 at 6–7 (same quote). The Court is now of the opinion that Ms. Block is filing repeated Rule 60(b) Motions and appeals in order to further harass Defendants.

The instant Motions seek the extraordinary relief of vacating the vexatious litigant pre-filing Order, vacating the Order of Dismissal in C18-907, and to vacate "all prior decisions involving Judge Martinez in relation to the aforementioned cases." Motion at 1. Ms. Block cites the Fourteenth Amendment and says she has been denied due process for three reasons: ex parte communication between opposing counsel and the undersigned, new case law, and a citation to Rule 60(b)(5) and 60(b)(6). *Id*. at 2.

The Court has previously declined to recuse in these cases. Ms. Block has raised or attempted to raise this issue of an ex-parte phone call with the Ninth Circuit. *See, e.g.,* Case 18-35690, Dkt. #95-1. The Ninth Circuit nevertheless concluded as stated above.[1] The Court need not recuse itself in either of these cases because they are effectively closed. Even if these cases were open, it would deny this requested relief as frivolous. Ms. Block has fixated on this notion that a phone call from 206-370-8999 to opposing counsel *must* have come from the undersigned. However, the opposing counsel in question, Joseph Genster, has stated he spoke to a woman on this call, and calls from court staff to counsel are routine. It is the Court's

---

[1] The Court further notes that Ms. Block raised this ex-parte contact issue and the *Crowe v. Oregon State Bar Association* issue, *infra*, in a motion for rehearing *en banc*. Case No. 20-35025, Dkt. #97. The Ninth Circuit denied the petition for rehearing. Case No. 20-35025, Dkt. #100.

ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS - 2

understanding that all calls from any phone in the courthouse to an outside line will show up on caller id as coming from this -8999 number.

The Court need not defend itself or investigate this incident. Ms. Block fails to present substantive evidence warranting recusal. Furthermore, the Motion's intense language on this issue hints at a continued desire to use the internet and the Courts to harass anyone who stands in her way:

> Both Genster and Judge Martinez have a lot of explaining to do. Who is this mystery woman - if she exists at all - and what is she doing with a phone that has been privately assigned solely to Judge Martinez? This is a simple and objectively demonstrable fact. Why has Genster not addressed the fact that around the time of this call, both a Snohomish County Prosecutor and a web address based in a town in Texas associated with judge Martinez, were seen perusing the same articles at the same time on the Gold Bar Reporter?

Motion at 4. The Court warns Ms. Block that it will not tolerate filings in prior, closed cases intended solely to harass opposing counsel or Court staff, and that any new cases in this District will be analyzed for good cause given her past litigation abuses. *See* Case No. C15-2018, Dkt. #232.

The Court will next address Ms. Block's citation to *Crowe v. Oregon State Bar Association* as new law from February 26, 2021, that somehow shows the Court denied her due process. She argues that *Crowe* held that the Oregon State Bar Association was "not protected by eleventh amendment immunity," and that "the court never addressed the issue as to whether Block could be disciplined for refusing to be a member of the Washington State Bar Association." Motion at 5–6. The Court reviewed similar arguments from Ms. Block in an earlier Motion, finding that "[t]he recent ruling in *Crowe v. Oregon State Bar Association*, as presented by Ms. Block, has no clear bearing on this case…" Case No. C18-907, Dkt. #77 at 3.

ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS - 3

The instant cases are about Ms. Block's vexatious litigation in this district, not the substance of her dispute with the WSBA. She is essentially arguing that her prior litigation was not vexatious because *subsequent* case law may have justified her prior vexatious litigation. Subsequent case law cannot change the vexatious nature of her prior litigation. The Court, in imposing a vexatious litigant pre-filing order, is not ruling against a plaintiff's legal theories but rather her methods. As such, *Crowe* cannot warrant vacating any of the Court's prior Orders. This conclusion is insulated by the fact that *Crowe* was presented by Ms. Block to the Ninth Circuit in her appeal via Citations of Supplemental Authorities, *see* Case No. 20-35025 Dkts. #90 and #92, and in an unsuccessful motion for rehearing, *see* footnote 1, *supra*.

Finally, the Court will address Ms. Block's citation to Rule 60(b). This rule provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Ms. Block cites solely to subsections 5 and 6. Ms. Block's citation to Rule 60(b)(5) is nonsensical, arguing that the Court never explained the basis for a ruling, that "one possible basis" was reliance on a judgment in C15-2018, that such should be overturned because of *Crowe*, *supra*, and that in any event the undersigned should recuse. *See* Motion at 8–9. Rule 60(b)(5) is not an avenue to attack an earlier judgment, nor is it a basis to seek

ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS - 4

recusal. Ms. Block has not demonstrated that a judgment has been satisfied, released or discharged, or that a prior judgment upon which it is based has been reversed or otherwise vacated. This requested relief is denied.

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id*. (internal quotation marks omitted).

Ms. Block has failed to demonstrate manifest injustice or extraordinary circumstances. She simply repeats prior unsuccessful arguments. As such, this relief will also be denied.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Anne Block's Motions to Vacate All Orders filed in two cases, Case No. C15-2018, Dkt. #265; Case No. C18-907, Dkt. #85, are DENIED.

DATED this 27th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS - 5

ORDER DENYING RULE 60(b) MOTIONS TO VACATE ALL ORDERS - 6